IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANTHONY TUBMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-073 |
| | ) | |
| WARDEN DOUG WILLIAMS, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate formerly incarcerated at Dodge State Prison in Chester, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241. Petitioner seeks an Order directing the Department of Corrections to follow his sentencing judge's directives regarding the application of jail credit to his sentence of incarceration. (Doc. no. 1, pp. 5-6.) In his response to the Court's order to show cause, Respondent asserts the petition should be dismissed as moot because Petitioner has been released on parole, or in the alternative, because Petitioner failed to exhaust state court remedies. (See doc. no. 9.) In response to the Court's request for additional briefing from both parties, Respondent has withdrawn his request for dismissal on mootness grounds. (See doc. no. 16.) For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that that Respondent's motion to dismiss for lack of exhaustion be **GRANTED**, that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.

## I. DISCUSSION

### A. Procedural History of the Case.

On July 2, 2002, a Richmond County grand jury indicted Petitioner for multiple counts of violating the Georgia Racketeer Influenced and Corrupt Organization Act, manufacturing a false identification document, forgery in the first degree, forgery in the second degree, giving a false name, and theft by taking. (Doc. no. 7, Resp. Ex. 1.) On June 30, 2003, Petitioner pleaded guilty to sixteen counts of forgery in the first degree, two counts of forgery in the second degree, and one count of theft by taking. (Id., Resp. Ex. 2.) The remaining charges were disposed of through a nolle prosequi order. (Id.) Petitioner received a twenty-year sentence, with twelve years in prison and eight years on probation; the judge also ordered that Petitioner be given credit for time served awaiting trial. (Id.) Petitioner was paroled from prison on July 23, 2014. (Id., Resp. Ex. 3.) Petitioner's term of parole expires on February 11, 2015. (Doc. no. 15, Resp. Ex. 4, p. 2.)

As United States Magistrate Judge G.R. Smith explained upon initial review of the petition docketed in the Savannah Division of this Court on June 3, 2014, Petitioner filed this petition based on the contention that his sentence of imprisonment had expired, but the State refused to honor the sentencing judge's directives as to jail credit on his sentence. (See doc. no. 3.) Petitioner conceded he had not filed a direct appeal but insisted he had written several unanswered letters to various administrative offices; he had also filed a pro se motion with the trial court, still pending, that requested recalculation of his prison sentence. (Id.) As relief, Petitioner requested release from prison and monetary reimbursement for the time he spent in prison after his sentence expired. (Id.)

Judge Smith explained Petitioner's claim for monetary reimbursement for the time he spent in prison after his sentence allegedly expired "fail[ed] outright." (Id. at 2 n.2.) Judge Smith also concluded that Petitioner's challenge to the execution of his sentence was properly brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 and transferred the case to the Dublin Division of this Court, the location of Petitioner's then-incarceration. (Id. at 6-7.) In doing so, Judge Smith also directed a response to the petition be filed. (Id. at 6.) Respondent then moved to dismiss the petition on two grounds, mootness and failure to exhaust. (Doc. no. 9.) Having determined that additional information was necessary, the Court directed additional briefing from the parties. (See doc. no. 14.) Respondent has withdrawn his mootness argument, but maintains that the petition should be dismissed based on Petitioner's failure to properly exhaust his claims in state court. (See doc. no. 16.)

### B. The Petition Should Be Dismissed Because Petitioner Has Not Exhausted State Court Remedies.

As Respondent's supplemental briefing confirms, Petitioner "is in custody pursuant to the judgment of a State Court," 28 U.S.C. § 2254(a), but as has been previously explained, the petition properly sounds in 28 U.S.C. § 2241 because Petitioner is challenging the computation of his sentence, not his underlying convictions. (See generally doc. nos. 1, 3.) Thus, the petition is subject to the provisions of both § 2254 and § 2241. Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003). As the Eleventh Circuit stated:

> . . . [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ--to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254.

Id. at 1062.

3

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus sought pursuant to § 2254 shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989).

"In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To exhaust a federal claim, a petitioner must have "fairly presented [it] to the state courts." Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351 (11th Cir. 2012). This "fair presentation" requirement has been interpreted to mean that state courts should be afforded "a meaningful opportunity to consider the allegations of legal error" without interference from the federal courts. McNair v. Campbell, 416 F.3d 1291, 1302-03 (11th Cir. 2005). "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), case law counsels that federal courts should not exercise jurisdiction under § 2241 if the issues raised might be resolved by other available state procedures. Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[1]). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process." Id. (citation omitted).

Thus, it is clear that an exhaustion requirement applies in this case. Petitioner contends that he has tried to exhaust by presenting his claim for jail credit via letters to unnamed administrative offices and a pro se motion filed with the trial court. (Doc. no. 1, p. 7.) However, his letters went unanswered, and the pro se motion has been pending for over a year and a half in the trial court. (Id.) Respondent explains, however, that the proper forum for presenting such a request is to file either a mandamus or injunction action against the Commissioner of the Department of Corrections ("DOC"). (See doc. no. 16 (citing Anderson v. State, 660 S.E.2d 876, 877 (Ga. App. 2008) (holding that trial court did not have jurisdiction to rule on computation of credit for time served and any challenge to computation, absent "gratuitous misdirection" from the trial court, would be

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

mandamus or injunction action against DOC Commissioner)). Thus, to properly exhaust his claims through available state procedures, rather than write letters to administrative agencies or file a motion for jail credit in his underlying criminal case, Petitioner should have filed a mandamus or injunction action in the appropriate state court naming the DOC Commissioner as the Respondent. See Cutter v. State, 622 S.E.2d 96, 98-99 (Ga. App. 2005); see also Bryant v. Evans, 261 S.E.2d 620, 621 (Ga. 1979) (appeal in mandamus action against DOC Commissioner for alleged improper calculation of jail credit).

Given that the purpose of the exhaustion requirement is to give state courts a meaningful opportunity to review the alleged error, McNair, 416 F.3d at 1302, and given that even if the trial court had taken up Petitioner's pro se motion, no meaningful review could have been had because the trial court could not grant the relief sought, the Court concludes Petitioner has not satisfied the exhaustion requirement. As Petitioner failed to identify the administrative agencies with which he corresponded, it is impossible to know what authority anyone at such an agency may have had to correct Petitioner's alleged sentence calculation error. In any event, as described above, the Georgia courts have a judicial procedure by which claims for jail credit can be raised. As Petitioner has not exhausted available state court remedies, this federal habeas corpus petition should be dismissed without prejudice.

## II.   CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss for lack of exhaustion be **GRANTED** (doc. no. 9), that this case

be **DISMISSED** without prejudice, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of December, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA